**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 05-CV-01175-AP**

**COLORADO WILD, INC.**

**Plaintiff,**

**v.**

**U.S. FOREST SERVICE, a federal agency within the U.S. Department of Agriculture, THOMAS MALACEK, in his official capacity as District Ranger, Divide District, Rio Grande National Forest; PETER CLARK, Rio Grande National Forest Supervisor,**

**Defendants.**

---

**MEMORANDUM AND ORDER**

---

**I. BACKGROUND**

The Plaintiff requests judicial review of the United States Department of Agriculture, United States Forest Service's ("USFS") action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et. seq.*, alleging that the USFS acted arbitrarily and capriciously in approving a Temporary Special Use Permit that the USFS issued to Leavell-McCombs Joint Venture ("LMJV"). The temporary permit authorized LMJV to temporarily access its private property, which is an in-holding in the Rio Grande National Forest, using snowmobiles across approximately 150 feet of USFS land.

This USFS's Motion to Dismiss for Lack of Jurisdiction argues that Plaintiff's claims are moot because:

(1) The temporary permit has expired on its own terms;

(2) There was nothing more than a theoretical possibility the same action would occur again; and

(3) Any new Special Use Permit would be subject to review.

Plaintiff requests this Court grant Plaintiff leave to conduct discovery to grant discovery regarding jurisdiction and the administrative record.

The Court finds that pursuant to Federal Rules of Civil Procedure and *Sizova v. National Institute of Standards & Technology,* 282 F.3d 1320, Plaintiff is entitled to discovery of jurisdictional facts where such facts have been placed at issue by Defendant through its Motion to Dismiss for Lack of Jurisdiction.

In the event this Court denies Defendant's Motion to Dismiss for Lack of Jurisdiction, the USFS will then file the administrative record, and only then might it be appropriate for the Court to review any discovery request concerning the administrative record.

## II. CONCLUSION

On the basis of the foregoing, the Court concludes that Plaintiff should be granted leave to conduct discover regarding jurisdiction only.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Leave to Conduct Limited Discovery Regarding Jurisdiction is **GRANTED**.

2. Plaintiff's Motion for Leave to Conduct Discovery Regarding the Administrative Record is **DENIED**.

3. Plaintiff's Request for Stay of the Briefing on Defendant's Motion to Dismiss is **GRANTED**.

4. Plaintiff shall have until January 15, 2006 to complete discovery and shall file its Response to Defendant's Motion by February 1, 2006.

**NOTICE: Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**

**Dated: November 10, 2005**

                                                 **BY THE COURT:**

                                                 **s/David L. West**

                                               **United States Magistrate Judge**