**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-CV-01175-JLK-DLW

**COLORADO WILD, INC.**

**Plaintiff,**

v.

**U.S. FOREST SERVICE**, a federal agency within the U.S. Department of Agriculture, **THOMAS MALACEK**, in his official capacity as District Ranger, Divide District, Rio Grande National Forest; **PETER CLARK**, Rio Grande National Forest Supervisor,

**Defendants.**

---

**RECOMMENDATION OF MAGISTRATE JUDGE RE:
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1) FOR LACK OF
SUBJECT MATTER JURISDICTION**

---

**ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

Defendant's filed a Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction which was referred to the Magistrate Judge for ruling by Judge John L. Kane, on April 17, 2006.

**BACKGROUND**

Plaintiff's, Colorado Wild, filed an Amended Complaint pleading a Fourth Claim for Relief alleging that in a March 11, 2004 letter, the United States Forest Service violated N.E.P.A. by authorizing an action pending in an existing N.E.P.A. process. The Forest Services filed a Motion to Dismiss the Plaintiff's Fourth Claim representing to the Court that the March 11, 2004 letter does not constitute a final agency action, and therefore, there is no subject matter jurisdiction under the

Administrative Procedure Act. Colorado Wild filed a Response Brief conceding the Forest Service's Motion to Dismiss, agreeing that the Court has no jurisdiction, but requesting the Court to make findings of fact related to the status quo of Forest Service Road 391 prior to the March 11, 2004 letter and factual findings regarding an August, 1999 Forest Service letter.

### FINDINGS AND RECOMMENDATION

The Court finds that the Defendant's letter of March 11, 2004 did not constitute a final agency action and that Plaintiff's requested findings are not necessary to a determination that this Court lacks jurisdiction over Colorado Wild's Fourth Claim for Relief, and as a result,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss Plaintiff's Fourth Claim should be **GRANTED** as the Court has no subject matter jurisdiction under the Administrative Procedure Act.

**DATED** this 27th day of December, 2006.

> **BY THE COURT:**
>
> s/David L. West
>
> **United States Magistrate Judge**

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives**

**appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**