## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-01175-JLK-DLW

COLORADO WILD, INC.,

Plaintiff,

v.

U.S. FOREST SERVICE, a federal agency within the U.S. Department of Agriculture, and
THOMAS MALECEK, in his official capacity as District Ranger, Divide District, Rio
Grande National Forest;
PETER CLARK, Rio Grande National Forest Supervisor,

Defendants.

---

## RECOMMENDATION OF MAGISTRATE JUDGE RE:
## DEFENDANTS' MOTION TO DISMISS (DOC. 3)

---

**ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

Defendants filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P.

12(b)(1) for Lack of Subject Matter Jurisdiction (Doc. 3) which was referred to the Magistrate

Judge for ruling by Judge John L. Kane, on June 30, 2005.

### BACKGROUND

Plaintiff's remaining three claims, set out in its initial complaint filed on June 23, 2005,

and again in its Amended Complaint filed on March 16, 2006, relate to a Temporary Special-Use

Permit that the Forest Service issued to Leavell-McCombs Joint Venture ("LMJV"), allowing it

*temporary oversnow* access its private property, which is an inholding in the Rio Grande

National Forest.  The Temporary Special-Use Permit allowed LMJV access to its inholding

using oversnow vehicles across approximately 150 feet of National Forest System lands.  The

Temporary Special-Use Permit ("TSUP") expired by its own terms on June 30, 2005, prior to the

filing of this lawsuit.[1]

Plaintiff's remaining claims are that the Forest Service acted arbitrarily and capriciously

by:  (1) approving the TSUP as Categorically Excluded from analysis under NEPA;

(2) authorizing an action in the TSUP that was pending in an existing NEPA process; and

(3) failing to provide a reasoned legal basis for issuance of the TSUP.  Colorado Wild's

Complaint requests this Court declare the Temporary Permit void and "set aside, and enjoin the

implementation of the Defendants' approval of the Special Permit and access granted LMJV."

Initially, in addition to pointing out the TSUP had expired by its own terms, the Forest

Service stated that the need for oversnow access or other TSUPs would likely be precluded by

the Record of Decision on LMJV's *Application for the Transportation and Utilities Systems and*

*Facilities for the Village at Wolf Creek Final Environmental Impact Statement*, (the "ROD"),

which granted LMJV permanent access to its inholding.  The ROD, however, has been

withdrawn as a result of the settlement of a lawsuit filed in the United States District Court for

---

[1] Plaintiff filed an Amended Complaint on March 16, 2006.  *Doc. 28.*  The Forest Service filed a motion to dismiss the new claim in the Amended Complaint.  *Doc. 36.*  After briefing on the motion, Magistrate Judge West recommended that the Forest Service's motion to dismiss the new claim in the Amended Complaint should be granted.  *Doc. 59.*

the District of Colorado, by Colorado Wild, and a co-plaintiff, against the Forest Service and

LMJV.[2]  The terms of that Settlement Agreement are relevant to the issue in this case.[3]

With respect to LMJV's application to the Forest Service requesting special use

authorizations for rights-of-way for access and utilities across National Forest System lands from

U.S. Highway 160 to LMJV's private property, the Forest Service has agreed, in pertinent part,

as follows:

> The Forest Service shall withdraw the 2006 ROD . . . and shall initiate a new
> NEPA process which will include a new scoping process and preparation of a new
> draft EIS and final EIS, in connection with LMJV's application.  *Doc. 70, Ex.
> 1,Settlement Agreement ¶¶ 1, 2.* **[The Forest Service agreed that it] shall not
> issue any new special use authorizations or authorize any other activities
> related to the proposed access, other than those required to complete the new
> NEPA process, unless and until a new NEPA process is completed which
> results in a new FEIS and ROD.** *Id. at ¶ 4.* [The parties also] recognize
> Plaintiffs' right to challenge any new NEPA process, NEPA documentation, and
> any agency decision documents arising from the new NEPA process.  *Id. at ¶ 7.*

## FINDINGS AND RECOMMENDATION

The Court finds that the Plaintiff's remaining three claims are moot and that neither

exception to the mootness doctrine is applicable.

"'Mootness is a threshold issue because the existence of a live case or controversy is a

constitutional prerequisite to federal court jurisdiction.'"  *Suarez-Tejeda v. United States,* 85

Fed. Appx. 711, 714 (10th Cir. 2004) (quoting *McClendon v. City of Albuquerque*, 100 F.3d 863,

---

[2]  *Colorado Wild, Inc., and San Luis Valley Ecosystem Council v. United States Forest
Service and Leavell-McCombs Joint Venture*, Civil Action No. 06-cv-2089-JLK-DLW.

[3]  The Court takes judicial notice of the Settlement Agreement, which was ratified by
Senior United States District Court Judge John L. Kane.

867 (10th Cir. 1996)). This requirement exists at all stages of the litigation, and it is "'not enough that the dispute was alive when the suit was filed.'" *Id.* "Federal courts have no authority to give an opinion upon a question that is moot as a result of events that occur during the pendency of the action." *Id.* (citing *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). Unless "'granting a present determination of the issues offered ... will have some effect in the real world,'" the case is moot. *City of Albuquerque v. United States Dep't of Interior*, 379 F.3d 901, 919 (10th Cir. 2004) (quoting *Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir. 1999)).

Where, as here, the dispute concerns the factual basis for this Court's subject matter jurisdiction, "[a] district court <u>does not defer to the plaintiff's allegations</u> . . . but may use affidavits or other sources outside the pleadings to resolve disputed jurisdictional facts." *Stuarte v. Colorado Interstate Gas Co.*, 130 F. Supp. 2d 1263, 1265 (D. Wyo. 2000) (citing *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)), *aff'd,* 271 F.3d 1221 (10th Cir. 2001) (emphasis added).

The TSUP at issue expired on June 30, 2005. Because the Temporary Permit has already expired, if this Court were to declare the Temporary Permit invalid and enjoin its use on the basis that it should not have been issued under a categorical exclusion or that it was issued without providing a reasoned legal basis, there would be no effect in the real world. Declaring the permit invalid or enjoining its use has no effect because it has already expired by its own terms. As the Tenth Circuit explained in *Southern Utah Wilderness Alliance v. Smith*, 110 F.3d

724, 728 (10th Cir. 1997), "[t]here is no point in ordering an action that has already taken place." *Id.* at 728.

Moreover, Colorado Wild's claims do not fall within an exception to the mootness doctrine. Notably, this case does not fall within the voluntary cessation exception. That exception applies to the "voluntary cessation of allegedly illegal conduct [which generally] does not deprive the tribunal of power to hear and determine the case, *i.e.* does not make the case moot." *County of Los Angeles v. Van Davis*, 440 U.S. 625, 631 (1979) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)). This exception to the mootness doctrine does not apply, because the Temporary Permit expired by its own terms.

Another exception to mootness applies where the challenged conduct is capable of repetition but evades review. *See Suarez-Tejeda*, 85 Fed. Appx. at 716. This exception applies where: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* (quoting *Weinstein v. Bradford*, 423 U.S. 147, 148-49 (1975)). The Supreme Court has "pointed out that 'a mere physical or theoretical possibility' of recurrence was insufficient to satisfy the test." *Central Wyoming Law Assoc. V. Denhardt*, 60 F.3d 684, 687 (10th Cir. 1995) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

Plaintiff, Colorado Wild, as the party seeking to avoid mootness must establish that it would be subjected to the same action again. *See Bethany Medical Ctr. v. Harder*, 693 F. Supp. 968, 975 (D. Kan. 1988); *see also F.E.R. et al. v. Valdez*, 58 F.3d 1530, 1533 (10th Cir. 1995).

Colorado Wild has failed to carry its burden. Although the duration of the challenged action is short; however, there is no "reasonable expectation" that Colorado Wild would be subjected to the same action again – the issuance of a TSUP to LMJV for oversnow access outside the context of the ongoing NEPA proceeding to address LMJV's requested access to its inholding.

First, due to a change in the law, Plaintiff's claim regarding the fact the TSUP was issued under a categorical exclusion is not capable of repetition. The Ninth Circuit has now affirmed the district court's holding in *Earth Island Institute v. Pengilly*, 376 F. Supp. 2d 994 (E.D. Cal. 2005) *affirmed* 490 F.3d 699 (9th Cir. 2007), that the Forest Service regulations that allowed the issuance of the TSUP under a categorical exclusion are invalid. The United States Supreme Court has granted certiorari. *See Summers v. Earth Island Institute*, 76 U.S.L.W. 3199 (Jan. 18, 2008). Thus, pending a reversal by the United States Supreme Court, any special use permit issued by the Forest Service will not be issued under a categorical exclusion and will be subject to notice and comment and appeal procedures.

Second, there is no "reasonable expectation" that Colorado Wild would be subjected to what it characterized as Defendants authorization of an action in the TSUP that was pending in an existing NEPA process. By agreeing, in the settlement of Colorado Wild's other case before this Court, not to issue any new special use authorizations and not to authorize any other activities related to the proposed access, other than those required to complete the new NEPA process, the Forest Service cannot authorize an action in a new TSUP that is pending in the existing/new NEPA process, as alleged in Plaintiff's Second Claim for Relief, without breaching the terms of that Settlement Agreement. There is no reasonable expectation that this will occur.

6

Finally, whether Defendants failed to provide a reasoned legal basis for issuance of the TSUP is moot as the TSUP expired on its own terms. Whether any future permit issued has a reasoned legal basis for issuance must be challenged in the context of that permit. The court is not authorized to issue what would amount to an advisory opinion. *Western Pacific Airlines, Inc. v. Smith Management*, 181 F.3d 1191, 1194 (10th Cir. 1999) (citing *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) and *Mills v. Green*, 159 U.S. 651, 653 (1895)).

Therefore, Colorado Wild's three remaining claims regarding the expired TSUP are moot and Colorado Wild has failed to carry its burden to establish that an exception to the mootness doctrine is applicable.

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss Plaintiff's Complaint should be **GRANTED** as the Plaintiff's remaining three claims for relief are moot and, therefore, the Court lacks subject matter jurisdiction.

DATED this 6th day of May, 2008.

BY THE COURT:

s/David L. West
**U.S. Magistrate Judge**

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific**

objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).