IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01175-JLK-DLW

COLORADO WILD, INC.,

Plaintiff,

v.

U.S. FOREST SERVICE, a federal agency within the U.S. Department of Agriculture, and
THOMAS MALECEK, in his official capacity as District Ranger, Divide District, Rio Grande National Forest;
PETER CLARK, Rio Grande National Forest Supervisor,

Defendants.

---

**ORDER ON RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before me on two recommendations from Magistrate Judge David L. West: his May 6, 2008 Recommendation Re: Defendants' Motion to Dismiss (Doc. 77), in which he recommends that I grant Defendants' Motion to Dismiss (Doc. 3); and his December 27, 2006 Recommendation (Doc. 59), in which he recommends that I grant Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 36). Under Rule 72(b), my review of these Recommendations is *de novo* as to any portion to which specific written objection was made, and I may accept, reject, or modify the Recommendations under that standard.

Plaintiff timely objected to the Magistrate Judge's May 6, 2008 recommendation that I grant Defendants' motion to dismiss Plaintiffs' First, Second and Third Claims as moot, and Defendant timely filed a response to Plaintiff's objections. In their objections, Plaintiffs assert that the challenged agency action falls within an exception to the mootness doctrine because it is capable of repetition yet evading review. They also request that I enter an enforceable judgment finding the challenged action in contravention of federal law based on certain Forest Service representations in its response.

Plaintiff's First through Third Claims challenge the Forest Service's issuance of a temporary special use permit, since expired, that authorized the Leavell-McCombs Joint Venture (LMJV) over-snow access to its private property for purposes of furthering development of the Village at Wolf Creek. In the Settlement Agreement between these same parties in the related case of *Colorado Wild, Inc. v. United States Forest Service*, No. 06-cv-02089-JLK, the Forest Service agreed that it would not issue any new special use authorizations or otherwise authorize any activities relating to the proposed access to LMJV's property until a new NEPA process for access to this property was completed. *See* Defs.' Supplement to Mot. to Dismiss (Doc. 70), Ex. 1 (Settlement Agreement), ¶ 4. The Forest Service represents and Magistrate Judge West found that this provision prohibits the Forest Service from issuing the type of temporary special use permit that launched this action. Accordingly, I agree with Magistrate Judge West that the claims asserted by Plaintiff do not fall within the exception to the mootness doctrine for actions

capable of repetition yet evading review. As a result, these claims are moot, and must be dismissed for lack of subject matter jurisdiction.

In light of these determinations, I do not have jurisdiction to enter an enforceable judgment in Plaintiff's favor on these claims as Plaintiff requests. Even if this were not the case, entry of judgment on the merits would be inappropriate at this time based on the procedural posture of the case. A motion for entry of judgment cannot be asserted and acted upon based on arguments made in objections to a magistrate judge recommendation on an entirely separate motion.

For the reasons stated above, I adopt the Magistrate Judge West's May 6, 2008 Recommendation and grant Defendants' motion to dismiss the First, Second and Third Claims for Relief asserted in Plaintiffs' Amended Complaint.

In his second Recommendation, the Magistrate Judge recommended that I grant Defendants' motion to dismiss the Fourth Claim asserted in the Amended Complaint on the ground that the challenged agency action, a letter dated March 11, 2004 between the Forest Service and an LMJV representative, did not constitute a final agency action. Plaintiff filed objections in which it admitted the March 11, 2004 letter did not constitute a final agency action and conceded that I lacked subject matter jurisdiction to decide its Fourth Claim as a result. Plaintiff nonetheless requested in its objections that I make certain judicial findings in my order dismissing this claim based on the Forest Service's representations concerning the challenged letter. The requested findings are not necessary to determine the jurisdictional question and raise issues that cannot be decided

3

in the absence of subject matter jurisdiction. Accordingly, I adopt Magistrate Judge West's recommendation that I grant the Forest Service's motion to dismiss Plaintiff's Fourth Claim, and deny Plaintiff's request that I modify Magistrate Judge West's recommended decision to include additional findings.

For the reasons stated above:

1. I ADOPT the Magistrate Judge's May 6, 2008 Recommendation (Doc. 77) as an order of the Court, GRANT Defendants' Motion to Dismiss (Doc. 3) and DISMISS Plaintiff's First, Second and Third Claims for Relief.

2. I ADOPT the Magistrate Judge's December 27, 2006 Recommendation (Doc. 59), GRANT Defendants' Motion to Dismiss (Doc. 36) and DISMISS Plaintiff's Fourth Claim for Relief.

3. The decisions reported in this order dispose of all claims pending in this matter. Accordingly, I order this action DISMISSED.

Dated this 30th day of September, 2008.

                                                          s/John L. Kane
                                                          John L. Kane
                                                          Senior District Court Judge